(47 App. Div. 547.)

PALMER v. BOARD OF EDUCATION OF CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, Second Department.  February 6, 1900.)

INJUNCTION—REMOVAL FROM OFFICE.

Injunction will not lie to restrain the threatened unlawful removal of an officer from his office by a board of officers.

Appeal from special term, Kings county.

Action by A. Emerson Palmer against the board of education of the city of New York and others.  From an order continuing pendente lite an injunction, defendants appeal.  Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

William J. Carr (R. Percy Chittenden, on the brief), for appellants. Samuel H. Ordway, for respondent.

WOODWARD, J. The plaintiff is the secretary of the board of education of the city of New York, and he alleges in his complaint, in an action brought to restrain the defendants from dismissing him from office contrary to the provisions of law, that the defendants "threaten and intend, and are about, to remove the plaintiff from his said office of secretary of the board of education of the city of New York, illegally and without cause, and by a majority vote of the said board of education, and not by a three-fourths vote of all the members of said board of education, and because of his political opinions and affiliations," and that "any such removal of the plaintiff from his said office of secretary of the board of education of the city of New York will be illegal and wrongful, and will deprive the plaintiff of said office, and prevent him from performing the duties thereof, and from receiving the salary thereof, and he will be irreparably damaged and injured thereby, and will not have any complete or sufficient remedy therefor." A temporary injunction was granted in the first instance, and this injunction is continued, by the order appealed from, pendente lite. The order of injunction restrains the defendant from removing the plaintiff, "except for cause, and then only by a vote of three-fourths of all the members of said board of education of the city of New York." The defendants urge upon appeal that an action in equity will not lie to enjoin the removal of a public officer; and while we agree with Mr. Chief Justice Waite in his dissenting opinion in Re Sawyer, 124 U. S. 200, 223, 8 Sup. Ct. 482, 31 L. Ed. 402, that there may be cases "when the tardy remedies of quo warranto, certiorari, and other like writs will be entirely inadequate," we are persuaded that considerations of public policy, which must override isolated cases of individual injustice, forbid that the jurisdiction of equity should be extended to protect public officers against threatened removal. The presumption that a public officer has done his duty in any given case presupposes that he will do his duty when called upon to act; and, while there may be cases in which this presumption will be overcome by evidence of action on the part of public officials or boards inconsistent with the law, it is elementary that the subject-matter of the jurisdiction of a court of chancery is civil property. The court is conversant only with questions of property, and the maintenance of civil, as distinguished from political, rights. Injury to property, whether actual or prospective, is the foundation on which the jurisdiction rests. In re Sawyer, 124 U. S. 200, 213, 8 Sup. Ct. 482, 31 L. Ed. 402, citing Sheridan v. Colvin, 78 Ill. 237. The history of the jurisprudence of this state will be searched in vain, we apprehend, for an instance in which the equitable jurisprudence of this court has been successfully invoked under circumstances similar to the case at bar; and the certainty that the courts would be called upon to determine innumerable controversies, resting upon no substantial basis, and in which a complete and adequate remedy might be found at law, admonishes us that it is not wise, or in accord with sound public policy, to sustain the order appealed from. While we have no doubt that it is not within the statutory authority of the board of education to remove the plaintiff without showing a good

and sufficient cause, and then only by a vote of three-fourths of all the members, we cannot assume that public officials will violate the law, even where this is threatened in respect to a given official; and, if it were established that the plaintiff was to be illegally removed, we are of opinion that it is not a case for the application of the strong arm of equity, but that the plaintiff must seek his remedy under the law.  The order appealed from should be reversed.

Order reversed, with $10 costs and disbursements, and injunction dissolved. All concur.